PEOPLE'S SAVINGS BANK OF SAGINAW *v.* McKAY.

**1.** MORTGAGES—PARTIES—EQUITY—DEMURRER—FORECLOSURE OF MORTGAGES.

In a suit to foreclose a mortgage, the husband, who claimed a homestead interest in the premises, occupied by the mortgagor and himself, was a proper party to the bill of complaint, although he did not join in executing either the mortgage or the collateral note; he was not entitled to try the questions involved before a jury on the law side of the court.

**2.** EQUITY—DEMURRER.

Special reasons in matter of substance are required by rule to be alleged in a general demurrer. Chancery Rule 9.

Appeal from Saginaw; Gage, J. Submitted October 16, 1912. (Docket No. 112.) Decided December 17, 1912. Rehearing denied February 18, 1913.

Bill by the People's Savings Bank of Saginaw against Emma McKay and John A. McKay to foreclose a mortgage. From an order overruling a demurrer to complainant's bill, defendant John A. McKay appeals. Affirmed.

*Walter J. Lamson,* for complainant.

*John A. McKay, in pro. per.*

KUHN, J. In this cause, the bill of complaint was filed to foreclose a mortgage securing a note made by Emma McKay. John A. McKay, her husband, is made a party defendant, although he did not execute either the note or mortgage, upon the theory that the mortgaged premises constitute the homestead of the defendants, in which he may have some interest or which he may have the right to redeem from the operation of the mortgage. He has demurred to the bill in substance and form as follows:

"(1) That the bill of complaint herein does not state a case of equitable jurisdiction.

" (2) That the complainant has not in and by its said bill of complaint made or stated such a case as entitles it in a court of equity to any relief for or against this defendant or either defendant herein touching the matters or any of them contained in said bill.

" (3) That under the facts alleged and set forth in said bill of complaint the complainant is not entitled to the relief prayed for or to any relief whatever.

" (4) That the complainant's remedy under the state of facts set forth in its said bill of complaint is at law.

"(5) That this demurring defendant is entitled to a trial of the facts alleged in the bill of complaint herein by a jury on an issue framed according to the regular practice of the court in a case at law.

" (6) That the issues raised by the bill of complaint herein are as to this demurring defendant, and as to both defendants, properly triable at law.

"(7) That the proceedings herein are an attempt on the part of the complainant to deprive this demurring defendant, and each of said defendants, of his and their property without due process of law, and are contrary and obnoxious to both the Constitution of the State of Michigan and the Constitution of the United States, particularly the fourteenth amendment of the Constitution of the United States."

Chancery Rule 9 requires special reasons in matters of substance in a general demurrer, as well as matters of form in a special demurrer, to be set out. The only special reasons given in the demurrer are that the action is triable at law and is an attempt to deprive defendant of constitutional rights, both of which were properly overruled by the trial court.

The order overruling the demurrer is therefore affirmed, with costs to the appellee.

Moore, C. J., and Steere, McAlvay, Brooke, Stone, Ostrander, and Bird, JJ., concurred.